IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCCALLEN DIVISION

| | |
|---|---|
| GREAT UNION MARKETING, LLC, a Texas Domestic Limited Liability Company, <br><br>    Plaintiff, <br><br> v. <br><br> TWIN BROTHERS PRODUCE, LLC, a Texas Domestic Limited Liability Company; and, ERIC E. PROPST, an Individual, <br><br>    Defendants. | C.A. NO.: 7:23-cv-00043 |

## ORIGINAL COMPLAINT

For its Original Complaint, Plaintiff respectfully states as follows:

THE PARTIES

1.      Plaintiff Great Union Marketing, LLC is a Texas corporation with its principal place of business in San Antonio, Texas. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and operates its business under a valid PACA license, which the United States Department of Agriculture granted to Plaintiff.

2.      Defendants are:

        a.      Twin Brothers Produce, LLC.  Upon information and belief, Twin Brothers (the "Company") is a Texas corporation with a principal place of business in Pharr, Texas.

        b.      Eric E. Propst, individually, is an officer and believed to be a resident of Hidalgo County, Texas.  Eric Propst is the managing member and principal of the Company (the

8

"Principal") and in that capacity, controlled or was in a position to control the assets of the Company. The Company and the Principal are collectively referred to herein as the "Defendants").

3.    Defendants are engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities and, therefore, a "dealer" of Produce as defined by the Perishable Agricultural Commodities Act 1930, 7 U.S.C. §§ 499a-499t (2007 & Supp. 2009) the "PACA"),

4.    Defendants are engaged in the business of negotiating sales and purchases of various perishable agricultural commodities in interstate or foreign commerce for or on behalf of a vendor or purchaser, respectively, and, therefore, a "broker" of Produce as defined by the PACA.

5.    Defendants operate their business under a valid PACA license which the United States Department of Agriculture issued to the Company.

6.    Defendants may be served with process at 5109 Quince Avenue, McAllen, Texas 78501.

<u>JURISDICTION AND VENUE</u>

7.    Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the court's judicial district and a substantial part of the property that is the subject of this action is situated in this district.

///

///

FACTUAL ALLEGATIONS

9.      During October and November, 2022, Plaintiff sold to the Company, and Company purchased from Plaintiff, Produce having a current aggregate value of $175,925.60, as set forth in the attached Exhibit A, Open Invoices, and incorporated herein by this reference.

10.     The Company accepted each load of Produce which corresponds to the open invoices attached in Exhibit A.

11.     The Individual Defendant negotiated and entered into the subject contracts over the phone with Plaintiff's representative involving multiple purchases and sales of produce, including the avocados, picking up the Produce from a warehouse located in Edinburg, Texas which originated the bills of lading for each of the loads of avocados.

12.     Plaintiff has perfected its PACA trust rights against Defendants by sending to Defendants trust notices pursuant to 7 CFR §46.2(aa) within 40 days of acceptance based on the bills of lading dates, included in the Exhibit A. A copy of the trust notice sent to Defendants is attached hereto as Exhibit B.

CLAIMS FOR RELIEF COUNT I
DECLARATORY RELIEF VALIDATING PACA TRUST – COMPANY and PRINCIPALS
7 U.S.C. §§ 499e(c)(3) and (4)

13.     Plaintiff re-alleges paragraphs 1 through 12 above as if fully set forth herein.The Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce (the "PACA Trust Assets") for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries.

14.     The Defendants failed to deliver to the Plaintiff sufficient funds from the PACA Trust Assets from the shipments of Produce as listed in Exhibit A.

8

15.    The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

16.    Pursuant to 7 U.S.C. §499e(c) and regulations promulgated thereunder, Plaintiff, with respect to the PACA amounts, is the beneficiary of a statutory trust *res* consisting of a), all produce supplied by Plaintiff and others to Defendants, b), all inventories of food and other products derived by the Defendants from sales of Produce, and c) all receivables and proceeds derived from the sale of the Produce and its products in a nonsegregated "floating" trust.

17.    The PACA trust for Plaintiff's benefit also consists of all Defendants' property into which trust assets described in paragraph 13, above, have been commingled or dissipated. The assets referenced in this paragraph and paragraph 13 are collectively referred to as the "PACA Trust Fund."

18.    Plaintiff became eligible to participate in the PACA trust for its benefit at the times the shipments of Produce covered by the PACA trust were received by Defendants. Further, Plaintiff perfected these rights by submission of its trust notices to Defendants, see Exhibit B.

19.    Plaintiff, as PACA trust beneficiary, is entitled to immediate payment from the PACA Trust Fund until it is paid in full.

20.    Defendants' failure, refusal, and inability to pay Plaintiff the undisputed amount owed to Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating PACA Trust Assets.

21.    As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff suffered damages for unpaid invoices which are covered

under the PACA trust in the current aggregate amount of $175,925.60, plus additional interest at the agreed rate of 1.5% per month and costs of collection, including attorneys' fees.

WHEREFORE, Plaintiff seeks entry of an Order declaring that it is a PACA trust beneficiary of the Company with valid PACA trust claims in the amount of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II
## FAILURE TO PAY TRUST FUNDS – THE COMPANY and PRINCIPAL

22.    Plaintiff incorporate each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23.    The Company received each of the shipments of Produce identified in paragraph 10 above.

24.    The failure of Defendants to make payment to Plaintiff of trust funds in the aggregate amount of $175,925.60 from the statutory trust is a violation of PACA and its regulation and is unlawful.

25.    PACA requires the Company, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

26.    The Company has failed to maintain sufficient trust assets to fully satisfied all qualified PACA trust claims, including Plaintiff's asserted herein.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment to Plaintiff of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees.

COUNT III
FAILURE TO PAY FOR GOODS SOLD – THE COMPANY and PRINCIPAL

27.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28.     Defendants failed and refused to pay Plaintiff an amount of $175,925.60 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees, against the Defendants, jointly and severally.

COUNT IV
UNLAWFUL DISSIPATION OF TRUST ASSETS – PRINCIPAL

29.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30.     The Principal was the managing member of the Company during the period of time in question and was in a position of control over the PACA Trust Assets belonging to Plaintiff. Eric Propst is listed as the reported principal on the Company's PACA license and Mr. Propst is the registered agent of the Company.

31.     The Principal failed to direct the Company to fulfill its statutory duties to preserve PACA Trust Assets and pay Plaintiff for the Produce Plaintiff supplied.

32.     The Principal's failure to direct the Company to maintain PACA Trust Assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a managing member.

33.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the Produce trust and has been denied payment for the Produce it

8

supplied.

WHEREFORE, Plaintiff requests judgment against the Principal in the amount of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees, against the Company and its Principal, jointly and severally.

COUNT V
PACA VIOLATION – FAILURE TO MAINTAIN TRUST – COMPANY and PRINCIPAL

34.    Plaintiff re-alleges paragraphs 1 through 33 as though fully set forth herein.

35.    During October and November, 2022, Plaintiff and Defendants entered into a series of transactions involving Plaintiff's sale and Defendants' purchase of the Produce (the "Sales Period") as set forth in paragraph 10 above.

36.    During the Sales Period, the Company lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit A.

37.    During the Sales Period, the Company's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff.

38.    The matters and actions or inactions alleged in this Count V constitute violations by Defendants of Section 2 of the PACA.

39.    As a direct result of Defendants' aforementioned actions and inactions, Plaintiff has incurred damages in the current aggregate amount totaling $175,925.60, plus further interest.

WHEREFORE, Plaintiff requests judgment in the amount of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees, against the Defendants, jointly and severally.

COUNT VI
BREACH OF CONTRACT – COMPANY

40.     Plaintiff re-alleges paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff and the Company entered into several contracts referenced in Exhibit A and Exhibit B.

42.     In each contract, Plaintiff agreed to sell produce to the Company and the Company agreed, *inter alia*, to purchase Produce from the Plaintiff.

43.     Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of said contracts.

44.     The Company failed to pay for each shipment of Produce referenced in Exhibit A and Exhibit B.

45.     As a direct result of the the Company's failure to pay for each shipment of Produce identified in Exhibits A and B, Plaintiff has incurred damages in the current aggregate amount totaling $175,925.60, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff requests judgment in the amount of $175,925.60, plus interest from the date each invoice became past due, costs and attorneys' fees, against the Defendants, jointly and severally.

COUNT VII
INTEREST AND ATTORNEYS FEES

46.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47.     PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorneys' fees incurred to collect any balance due from Defendants; see Exhibit A.

48.     As a result of Defendants' failure to make full payment promptly for the Produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

As a result of Defendants' continued failure to make payment for the Produce sold and delivered to Defendants, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

DATED: February 8, 2023.

Respectfully submitted,

*/s/* Craig A. Stokes
Craig A. Stokes – TSB #19267700
STOKES LAW OFFICE LLP
PO Box 6909
San Antonio, TX 78220
Telephone Direct (210) 742-2789
Office Telephone (210) 804-0011
Facsimile (210) 822-2595
cstokes@stokeslawoffice.com

*Counsel for Plaintiff*
*Great Union Marketing, LLC*