United States Courts
Southern District of Texas
FILED
April 08, 2024
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GREAT UNION MARKETING, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:23-CV-00043 |
| TWIN BROTHERS PRODUCE, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff GREAT UNION MARKETING, LLC ("Great Union") brings this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*, on grounds that Defendant TWIN BROTHERS PRODUCE, LLC ("Twin Brothers"), through one of its managing members, Defendant ERIC E. PROBST ("Mr. E. Probst"), failed to make payments on multiple sales of agricultural produce, specifically, avocados. (Dkt. No. 1). Pending is a *Motion for Involuntary Dismissal* (the "Motion") (Dkt. No. 48) filed by the defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Several months ago, Great Union's attorney, Craig A. Stokes, was allowed to withdraw as counsel of record. (Dkt. No. 41). Through the Motion, Twin Brothers argues that Great Union has since failed to diligently prosecute this case insofar as Great Union has not retained a substitute attorney and made a proper appearance through counsel. (Dkt. No. 48 at 1-2). Indeed, the Magistrate Judge previously advised Great Union that, as a corporation, it may not appear pro se through a non-attorney individual, namely here, its corporate representative, Mr. Tony Villaseñor. *See Canadian Standards Ass'n v. P.S. Knight Co., Ltd.*, 2020 WL 13745055, at *1 (W.D. Tex. Dec. 18, 2020) (collecting cases).

Having considered the matter, the Magistrate Judge concludes that the Motion (Dkt. No. 48) should be granted and this case dismissed.

## I. BACKGROUND

On February 8, 2023, Attorney Stokes initiated this action on behalf of Great Union by filing a complaint for money damages against Twin Brothers and Mr. E. Probst. (Dkt. No. 1).

The case proceeded to mediation but negotiations fell through.

On July 18, 2023, Great Union amended the complaint to name as a defendant another one of Twin Brothers' managing members, Christopher M. Probst ("Mr. C. Probst"). (Dkt. No. 30).

On August 24, 2023, Great Union filed a motion for substituted service on Mr. C. Probst (Dkt. No. 37), which the Magistrate Judge granted on September 14, 2023 (Dkt. No. 38). There is no indication from the record, however, that Great Union ever perfected service on Mr. C. Probst, substituted or otherwise.

On October 17, 2023, Attorney Stokes filed a motion to withdraw as counsel (Dkt. No. 39), representing that Mr. Villaseñor "ha[d] failed to substantially fulfill financial and communication obligations to [counsel]" on Great Union's behalf (*id.* at 1). Mr. Villaseñor consented to the withdrawal. (*Id.* at 1). The defendants were also unopposed. (*Id.*).

In December 2023, upon holding a hearing on the matter, the Magistrate Judge granted Attorney Stokes' motion for withdrawal. (Dkt. No. 41).

The Magistrate Judge then set a status conference over the potential resolution of this case and Great Union's efforts at hiring substitute counsel. At the conference, which was held on February 5, 2024, the parties advised that the case remained unresolved, and Mr. Villaseñor advised that Great Union had yet to hire a new attorney. The Magistrate Judge ordered that Great Union would be afforded a thirty-day period to retain counsel before considering a Rule 41 motion

to dismiss. The Magistrate Judge then scheduled a subsequent status conference—by video—for March 18th. (Dkt. No. 46).

Days before the conference, on March 13th, the defendants filed the Motion. (Dkt. No. 48). Then, on the morning of the scheduled conference, the Magistrate Judge's staff received an e-mail from Mr. Villaseñor requesting a continuance due to a personal matter. (Dkt. No. 50-1). The Magistrate Judge continued the status conference—again by video—until March 22nd. (Dkt. No. 49). The evening before the conference, however, the Magistrate Judge's staff again received an e-mail from Mr. Villaseñor, who advised this time that he would be unavailable due to a work commitment. (Dkt. No. 50-2).

On March 25, 2024, the Magistrate Judge issued an order setting a hearing to provide Great Union with the opportunity to show cause why the Motion should not be granted and this case dismissed. (Dkt. No. 50). Given its corporate status, Great Union was specifically ordered to appear in the courtroom through a licensed attorney. (*Id.* at 2). Great Union was also warned that the Motion would be deemed unopposed should Great Union fail to appear as ordered. (*Id.*). The hearing was scheduled for April 5, 2024 at 9:30 a.m. (*Id.*).

On April 5th, in the late-night hours before the hearing, the Magistrate Judge's staff received an e-mail from Mr. Villaseñor, which stated as follows:

> I'm writing today to let you know that [I] want to withdraw the lawsuit agains[t] [Twin Brothers] as [I] have no money to spend [o]n any more attorney fees and [Great Union] [has] been out of business since January 2023.

(Attachment No. 1).

Great Union failed to appear at the show cause hearing.

## II. LEGAL STANDARDS

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, ... it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b))).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct, and lesser sanctions would not serve the best interests of justice. *Id.* Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). If a plaintiff would be barred from re-asserting their claims because the statute of limitations period has expired, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)) (quotations omitted).

## III. ANALYSIS

The Magistrate Judge concludes that this civil action should be dismissed based on Great Union's lack of diligence. For several months now, Great Union has failed to hire and make an appearance through counsel and, in the process, has failed to comply with several court orders.

Indeed, Mr. Villaseñor indicates that Great Union is no longer able to prosecute this action. However, because any delay caused by Great Union does not appear to have been purposeful or intentional, and because the defendants do not allege any actual prejudice, the Magistrate Judge concludes that the dismissal should be without prejudice.

It bears noting that the heightened dismissal-with-prejudice standard does not apply to Great Union's claims insofar as the applicable limitations periods have yet to expire. Great Union raises two types of PACA claims: (i) claims to preserve Great Union's interest in the PACA trust res, such as its claim to enforce the trust and claim for the failure to pay trust funds; and (ii) claims against the trustee for breach of its fiduciary duty, such as Great Union's clams raising the failure to maintain a trust and the unlawful dissipation of trust assets. *See Flavor-Pic Tomato Co., Inc. v. Gambino*, 2016 WL 1268359, at *3-4 (E.D. La. Mar. 31, 2016) (citing *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005)). The former claims, or those meant to preserve the trust, are not generally subject to a limitations period. *See id.*; *see also Mirasoles Produce USA, LLC v. TALYGAP Produce, Inc.*, 2022 WL 1165151, at * 3 (S.D. Tex. Apr. 20, 2022) (Alvarez, J.). The breach-of-fiduciary-type claims, on the other hand, are subject to the appropriate statute of limitations set by the forum state. *See Flavor-Pic*, 2016 WL 1268359, at *4; *see also Mirasoles*, 2022 WL 1165151, at *3. In Texas, the limitations period for fraud or the breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem. Code § 16.004(4), (5). Apart from its PACA claims, Great Union brings a claim for breach of contract, which is also subject to a four-year limitations period. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing Tex. Civ. Prac. & Rem. Code § 16.051). The transactions at issue here occurred in October and November 2022 (Dkt. No. 1 at 3), or less than four years ago.

## IV. CONCLUSION

For these reasons, the Motion (Dkt. No. 48) is hereby GRANTED to the extent that this civil action is hereby DISMISSED without prejudice pursuant to Rule 41(b).

### *Directive to Clerk of Court*

The Clerk of Court is hereby DIRECTED to forward a copy of this order to Mr. Villaseñor via e-mail and to docket a copy of that e-mail transmission.

IT IS SO ORDERED.

DONE at McAllen, Texas this 8th day of April 2024.

J. SCOTT HACKER
United States Magistrate Judge